MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

APOLINAR GUTIERREZ and JULIAN
LOPEZ, *individually and on behalf of others
similarly situated,*

|  |  |
|---|---|
|  | **COMPLAINT** |
| *Plaintiffs*, |  |
|  |  |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| L'ESTI DESSERTS, INC.  (D/B/A LESTIS |  |
| DESSERTS), L'ESTI'S DESSERTS | **ECF Case** |
| ENTERPRISES, CORP.  (D/B/A LESTIS |  |
| DESSERTS), PETER M ABOKHIYAYEV, |  |
| TANIA DOE, and SILVIA DOE, |  |

*Defendants.*
-------------------------------------------------------X

Plaintiffs Apolinar Gutierrez and Julian Lopez, individually and on behalf of others

similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace &

Associates, P.C., upon their knowledge and belief, and as against L'esti Desserts, Inc. (d/b/a Lestis

Desserts), L'esti's Desserts Enterprises, Corp. (d/b/a Lestis Desserts), ("Defendant Corporations"),

Peter M Abokhiyayev,  Tania Doe, and  Silvia Doe, ("Individual Defendants"), (collectively,

"Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are both current and former employees of Defendants L'esti Desserts, Inc.

(d/b/a Lestis Desserts), L'esti's Desserts Enterprises, Corp. (d/b/a Lestis Desserts), Peter M

Abokhiyayev, Tania Doe, and Silvia Doe.

2.      Defendants own, operate, or control a Kosher bakery, located at 180 27th St, Brooklyn, NY 11232 under the name "Lestis Desserts".

3.      Upon information and belief, individual Defendants Peter M Abokhiyayev, Tania Doe, and Silvia Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the bakery as a joint or unified enterprise.

4.      Plaintiffs have been employed as a laborer, a dishwasher, a porter, a cleaner and an assistant to the pastry chef at the bakery located at 180 27th St, Brooklyn, NY 11232.

5.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they have worked.

6.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked, and have failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any date in which they have had to work over 10 hours a date.

8.      Furthermore, Defendants have repeatedly failed to pay Plaintiffs wages on a timely basis.

9.      Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Kosher bakery located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15.     Plaintiff Apolinar Gutierrez ("Plaintiff Gutierrez" or "Mr. Gutierrez") is an adult individual residing in Kings County, New York.

16.     Plaintiff Gutierrez was employed by Defendants at Lestis Desserts from approximately June 2020 until on or about October 2020.

17.     Plaintiff Julian Lopez ("Plaintiff Lopez" or "Mr. Lopez") is an adult individual residing in Kings County, New York.

18.     Plaintiff Lopez has been employed by Defendants at Lestis Desserts from approximately June 15, 2020 until on or about Present Date.

*Defendants*

19.     At all relevant times, Defendants own, operate, or control a Kosher bakery, located at 180 27th St, Brooklyn, NY 11232 under the name "Lestis Desserts".

20.     Upon information and belief, L'esti Desserts, Inc. (d/b/a Lestis Desserts) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 180 27th St, Brooklyn, NY 11232.

21.     Upon information and belief, L'esti's Desserts Enterprises, Corp. (d/b/a Lestis Desserts) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 180 27th St, Brooklyn, NY 11232.

22.     Defendant Peter M Abokhiyayev is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Peter M Abokhiyayev is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Peter M Abokhiyayev possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant

- 4 -

Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Tania Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Tania Doe is sued individually in her capacity as a manager of Defendant Corporations. Defendant Tania Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Silvia Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Silvia Doe is sued individually in her capacity as a manager of Defendant Corporations. Defendant Silvia Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

### **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

25.     Defendants operate a Kosher bakery located in the Greenwood Heights neighborhood in Brooklyn.

26.     Individual Defendants, Peter M Abokhiyayev, Tania Doe, and Silvia Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

31.     Upon information and belief, Individual Defendant Peter M Abokhiyayev operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for his own benefit as the sole or majority shareholder,

    e)  operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

    f)  intermingling assets and debts of his own with Defendant Corporations,

    g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

32.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

33.    During 2020, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.    In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the bakery on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

35.    Plaintiffs are both current and former employees of Defendants who have been employed as a laborer, a dishwasher, a porter, a cleaner and an assistant to the pastry chef.

36.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Apolinar Gutierrez*

37.     Plaintiff Gutierrez was employed by Defendants from approximately June 2020 until on or about October 2020.

38.     Defendants employed Plaintiff Gutierrez as a laborer, a dishwasher, and a porter.

39.     Plaintiff Gutierrez regularly handled goods in interstate commerce, such as dishwashing soap and other supplies produced outside the State of New York.

40.     Plaintiff Gutierrez's work duties required neither discretion nor independent judgment.

41.     Throughout his employment with Defendants, Plaintiff Gutierrez regularly worked in excess of 40 hours per week.

42.     From approximately June 2020 until on or about October 2020, Plaintiff Gutierrez worked from approximately 8:30 a.m. until on or about 7:30 p.m., 2 dates a week, from approximately 8:30 a.m. until on or about 7:30 p.m. to 8:00 p.m., 3 dates a week, and from approximately 8:30 a.m. until on or about 4:00 p.m. to 5:00 p.m., on Sundays (typically 62.5 to 65 hours per week).

43.     Throughout his employment, Defendants paid Plaintiff Gutierrez his wages in a combination of check and cash (the check only reflected his wages earned for 40 hours worked).

44.     From approximately June 2020 until on or about October 2020, Defendants paid Plaintiff Gutierrez $15.00 per hour.

45.     Plaintiff Gutierrez's pay did not vary even when he was required to stay later or work a longer date than his usual schedule.

46.     For example, Defendants required Plaintiff Gutierrez to work an additional 30 minutes past his scheduled departure time three dates a week, and did not pay him for the additional time he worked.

47.     During June, July and August, Plaintiff Gutierrez was required to write his clock in and clock out time in a blank sheet of paper. Thereafter, Plaintiff Gutierrez was required to use a finger scanning time tracking device to clock in and clock out. However, the machine would fail to register his fingerprint. Thus, Defendants' time-tracking system was not accurate.

48.     On a number of occasions, Defendants required Plaintiff Gutierrez to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

49.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gutierrez regarding overtime and wages under the FLSA and NYLL.

50.     Defendants did not provide Plaintiff Gutierrez an accurate statement of wages, as required by NYLL 195(3).

51.     Defendants did not give any notice to Plaintiff Gutierrez, in English and in Spanish (Plaintiff Gutierrez's primary language), of his rate of pay, employer's regular pay date, and such other information as required by NYLL §195(1).

*Plaintiff Julian Lopez*

52.     Plaintiff Lopez has been employed by Defendants from approximately June 15, 2020 until the Present Date.

53.     Defendants have employed Plaintiff Lopez as a cleaner and as an assistant to the pastry chef.

54.     Plaintiff Lopez has regularly handled goods in interstate commerce, such as flour and other supplies produced outside the State of New York.

55.     Plaintiff Lopez's work duties have required neither discretion nor independent judgment.

56.     Throughout his employment with Defendants, Plaintiff Lopez has regularly worked in excess of 40 hours per week.

57.     From approximately June 15, 2020 until on or about the Present Date, Plaintiff Lopez has worked from approximately 8:30 a.m. until on or about 6:00 p.m. to 7:00 p.m., Monday through Thursdays, from approximately 8:30 a.m. until on or about 1:30 p.m., on Fridays, and from approximately 8:30 a.m. until on or about 4:00 p.m., on Sundays (typically 50.5 to 54.5 hours per week).

58.     Throughout his employment, Defendants have paid Plaintiff Lopez his wages in cash.

59.     From approximately June 15, 2020 until on or about July 2020, Defendants paid Plaintiff Lopez $13.00 per hour.

60.     From approximately August 2020 until the Present Date, Defendants have paid Plaintiff Lopez $15.00 per hour.

61.     From approximately June 15, 2020 until on or about July 2020, Plaintiff Lopez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

62.     In addition, in order to get paid, Plaintiff Lopez has been required to sign a document in which Defendants misrepresented the hours that he worked per week.

63.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Lopez regarding overtime and wages under the FLSA and NYLL.

64.     Defendants have never provided Plaintiff Lopez an accurate statement of wages, as required by NYLL 195(3).

65.     In fact, Defendants have adjusted Plaintiff Lopez's paystubs so that they reflect inaccurate wages and hours worked.

66.     Defendants have never given any notice to Plaintiff Lopez, in English and in Spanish (Plaintiff Lopez's primary language), of his rate of pay, employer's regular pay date, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

67.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

68.     Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

69.     Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and have resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

70.     Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

71.     Defendants' time keeping system does not reflect the actual hours that Plaintiff's worked.

72.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

73.     On a number of occasions, Defendants have required Plaintiffs to sign a document the contents of which they have not been allowed to review in detail.

74.     Defendants have required Plaintiffs to sign a document that reflected inaccurate or false hours worked.

75.     Defendants have paid Plaintiffs their wages in a combination of check and cash or all in cash.

76.     Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

77.     Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

78.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

79.     Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

80.     Defendants have failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer;

rate or rates of pay and basis thereof, whether paid by the hour, shift, date, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

81.     Defendants have failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, date, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay date designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

82.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

83.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a

one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

84.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

85.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

86.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

87.     At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

88.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

89.     Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

90.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

91.     Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

92.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

93.     Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

94.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

95.     Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

96.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

97.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

98.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

99.     Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

100.     Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

101.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

103.     Defendants' failure to pay Plaintiffs overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

104.     Plaintiffs have been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

105.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

106.     Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each date Plaintiffs' spread of hours has exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

107.     Defendants' failure to pay Plaintiffs an additional hour's pay for each date Plaintiffs' spread of hours has exceeded ten hours is willful within the meaning of NYLL § 663.

108.     Plaintiffs have been damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

109.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110.     Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, date, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay date designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

111.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

112.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113.     With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, date, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

114.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

115.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

116.    Defendants have not paid Plaintiffs on a regular weekly basis, in violation of NYLL §191.

117.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants have violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order are willful as to Plaintiffs;

(n)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety dates following issuance of judgment, or ninety dates after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

November 25, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

October 30, 2020

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Apolinar Gutierrez

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      30 de octubre de 2020

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                  Telephone: (212) 317-1200
New York, New York 10165                                  Facsimile: (212) 317-1620
Faillace@employmentcomplieance.com

November 3, 2020

BY ELECTRONIC SIGNATURE

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Julian Lopez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     3 de noviembre 2020